# Commonwealth v. Cloonen, Appellant.

*Criminal law—Murder—Intoxication—Evidence.*

Evidence that defendant, on trial for the murder of his wife, brought home a gallon of whiskey a day or two before the commission of the crime, and that the night after the crime was committed there was but little of the whiskey left, to be followed by evidence of all the living members of the family, that none of them tasted liquor but defendant, is not evidence to establish intoxication of defendant.

Argued Oct. 3, 1892. Appeal, No. 167, Oct. T., 1891, by defendant, Dennis Cloonen, from judgment of O. & T. Allegheny Co., March T., 1892, No. 13, on verdict of guilty of murder. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Indictment for murder.

At the trial, before COLLIER, P. J., and SLAGLE, J., it appeared that, on the evening of March 17, 1892, defendant killed his wife by striking her over the head with a chair. Defendant claimed that at the time of the killing he was intoxicated.

When James Cloonen, a son of defendant, was on the stand, he was asked: " Q. Latterly, Mr. Cloonen, do you know what his habits were as to liquor? Objected to. A. Well, he was a very hard drinker. Mr. Burleigh: I object to the question in the general way in which it is put as incompetent and irrelevant.

Mr. Marshall: I propose to prove by the witness and all the children that this man constantly kept in his house a very considerable lot of whiskey, and that after supper nearly every night he drank heavily of it to intoxication; and that on many a night would drink over a quart between getting home and bedtime, and that it was a constant practice latterly to keep it in the house all the time, and it was in the house at this time.

The Court: The objection is sustained.    The offer is not directed to the condition of the defendant at the time of the alleged offence.    Exception. [1]

The same witness was asked : " Q. Could you tell from anything that he said or did that evening after you met him on Webster avenue what his condition was as to soberness or otherwise ?    A. Well, he was not drunk—what you would call drunk—and he was not sober ; but can't tell when he's drunk ; he only gets drunk in the head.    Q. Have you seen him drunk ? "    Objected to as incompetent and irrelevant.

The Court : At other times ?

Mr. Marshall : Yes ; at other times—many times.

Objected to as incompetent and irrelevant.

By the Court : Will you state the purpose ?

Mr. Marshall : The purpose is to show his condition then, as far as we can, and what effect liquor had on him.

The Court : He can testify as to that particular time.    I do not think he can testify as to any other times.    Exception. [2]

When Gilbert Cloonen was on the stand, defendant proposed to prove by the witness that a day or two before this death, defendant, Dennis Cloonen, brought home a bucket filled with whiskey, holding a gallon at least, and that after the death of his mother, that same night, he looked at the place where the whiskey was kept and that there was only a small portion of one bottle of that gallon of whiskey left ; and follow it up by the evidence of all the living members of the family that none of them tasted liquor but the father.

Objected to as incompetent and irrelevant, objection sustained, exception. [3]

Verdict, guilty of murder in first degree ; judgment.    Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting bills of exception ; (4) rejection of juror because he had formed an opinion, and without stating that the opinion would affect the verdict or upon what the opinion was founded ; the juror being challenged to elicit an examination by the court ; counsel for the prisoner, after examination, thought him competent and took exception to the ruling of the court on his competency ; the assignment of error not quoting the bill of exception or ruling, except in substance as above.

*O. P. Scaiffe* and *Thomas M. Marshall*, for appellant.

*Clarence Burleigh*, district attorney, not heard, for Commonwealth.

PER CURIAM, November 7, 1892.

The appellant was convicted of murder in the first degree. He now complains that the court below rejected certain testimony offered for the purpose of showing that he was intoxicated at the time he committed the crime. The evidence rejected did not measure up to this standard. At most it would have shown that he had liquor in his house and might have drank it. This was not specific enough and the court below was right in rejecting it.

There was also an offer to prove that the prisoner was drunk at some other time, and the effect upon him. This was properly rejected.

The fourth specification is not properly assigned, and will not be considered.

The judgment is affirmed, and it is ordered that the record be remitted to the court below for the purpose of execution.